IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
MAY 1999 SESSION

FILED

July 12, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 03C01-9807-CR-00270 |
| | ) | |
| vs. | ) | Knox County |
| | ) | |
| CHRISTOPHER D. SMITH, | ) | Hon.  Ray  L. Jenkins, Judge |
| | ) | |
| Appellant. | ) | (Burglary, Attempted Theft) |

FOR THE APPELLANT:

**LAURIE S. ANDRIJESKI (at trial)**
Attorney at Law
800 S. Gay Street, Suite 800
Knoxville, TN 37909

**ALBERT J. NEWMAN, JR. (on appeal)**
Attorney at Law
602 S. Gay Street, Suite 500
Knoxville, TN 37902

FOR THE APPELLEE:

**PAUL G. SUMMERS**
Attorney General & Reporter

**TODD R. KELLEY**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN  37243-0493

**RANDALL E. NICHOLS**
District Attorney General

**ZANE SCARLETT**
Assistant District Attorney General
400 Main, P.O. Box 1468
Knoxville, TN 37901-1468

OPINION FILED:_____

**AFFIRMED**

**JAMES CURWOOD WITT, JR., JUDGE**

**OPINION**

The defendant, Christopher D. Smith, appeals from his jury convictions for burglary and attempted theft in the Knox County Criminal Court. See Tenn. Code Ann. §§ 39-12-101(a), -14-103, -14-402(a)(1) (1997). The trial court imposed a twelve year sentence in the Tennessee Department of Correction for the burglary conviction and a concurrent six month sentence in the county jail for the attempted theft conviction. In this direct appeal, the defendant challenges the sufficiency of the convicting evidence. After a review of the record, the briefs of the parties, and the applicable law, we affirm.

On November 29, 1995, between 9:30 and 10:00 a.m., Angie Russell drove to Thorngrove Baptist Church to perform her duties as custodian. As she entered the parking lot, she saw a car parked near the lower entrance to the church. She called her husband, who suggested that she write the license number of the car. As she was writing the license number, she noticed the window next to the church door was missing the upper pane. Russell called 911 and drove to a nearby store, Pop-N-Go. On her way to the store, she encountered the pastor of Thorngrove Baptist Church, Ted Padgett. Russell and Padgett returned to the church's main entrance at the side of the church.

Padgett retrieved a pistol from the trunk of his car. He crouched near the door at the main entrance and pulled the door open. Padgett was surprised by the alarm when he opened the door. The defendant ran out of a church office, and Padgett pointed the pistol at him. Padgett detained the defendant until the police arrived on the scene.

Padgett testified that the office door frames had been broken with some kind of tool to obtain entrance to the locked offices. Both church offices were in disaray with papers strewn over the desks and on the floor. Someone had

2

rummaged through the file cabinets. Padgett's electric typewriter was not in his office, but was found downstairs near the window by the lower entrance door, where it had been thrown on the floor and destroyed. Tape recorders and a radio, which belonged in classrooms downstairs, were stacked by the window. All these items were worth less than five hundred dollars.

Officer T. Michael Cheaves testified that he arrived at the scene to start the initial investigation. There were no fingerprints found at the scene of the crime. He checked the license number on the Mercury Capri parked in the church lot, and the license number belonged to the defendant.

Several witnesses testified for the defense. Angie Underwood testified that the defendant had spent the night at her residence with her four children. He helped her children get ready for school the morning of November 29, 1995. The defendant left her residence around 8:30 a.m. Allen Houser, a brick mason, testified that the defendant arrived at their job site around 9 a.m. They waited for materials to arrive, but the materials did not arrive that day. Everyone at the job site, including the defendant, left around 9:30 a.m. Carol Griffin, an employee at the Pop-N-Go, saw the defendant using the pay phone outside the store a few minutes after 10:00 a.m.

The defendant testified that, after making phone calls at the pay phone outside the Pop-N-Go, he drove to the church parking lot to "kill time." He exited his car to smoke a cigarette, and he noticed the window pane was missing. He heard a noise coming from inside the church, and he entered the church through the window to investigate. As he entered the church, he saw blinds on the floor near the window and a radio. The defendant walked up the stairs noticing a typewriter sitting on the floor. He testified that he never entered an office. Padgett

3

opened the door and pointed a gun at him.

After hearing this evidence, the jury found the defendant guilty of burglary and attempted theft.

The defendant contends the evidence is insufficient to support his convictions. When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990).

Moreover, a criminal offense may be established exclusively by circumstantial evidence. Duchac v. State, 505 S.W.2d 237 (Tenn. 1973); State v. Jones, 901 S.W.2d 393, 396 (Tenn. Crim. App. 1995); State v. Lequire, 634 S.W.2d 608 (Tenn. Crim. App. 1987). However, before an accused may be convicted of a criminal offense based upon circumstantial evidence alone, the facts and circumstances "must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant." State v. Crawford, 225 Tenn. 478, 470 S.W.2d 610 (1971); Jones, 901 S.W.2d at 396. In other words, "[a] web of guilt must be woven around the defendant from which he cannot escape and from which facts and circumstances the jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt." Crawford, 470 S.W.2d at 613; State v. McAfee, 737 S.W.2d 304, 305 (Tenn. Crim. App. 1987).

4

In determining the sufficiency of the evidence, this court should not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from the evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956); Farmer v. State, 574 S.W.2d 49, 51 (Tenn. Crim. App. 1978). On the contrary, this court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. Cabbage, 571 S.W.2d at 835.

The defendant contends there was no evidence that he entered the church for an unlawful purpose. Burglary occurs when "[a] person . . . without the effective consent of the property owner . . . [e]nters a building other than a habitation . . . not open to the public, with intent to commit a felony, theft or assault." Tenn. Code Ann. § 39-14-402(a)(1) (1997). The defendant testified that he entered the church because he was investigating a noise. The defendant entered the church without permission. Padgett testified that he saw the defendant running out of an office when he opened the door, and that items were stacked beside the window with the missing pane. No one else was found inside the church. The jury chose to disregard the defendant's testimony regarding why he was inside the church. Instead, from these circumstances, the jury found the defendant was inside the church to commit a theft. A jury may infer criminal intent from the circumstances of the case. See State v. Holland, 860 S.W.2d 53, 59 (Tenn. Crim. App. 1993). The jury was presented with sufficient evidence from which they could infer the defendant's guilt beyond a reasonable doubt. See State v. Shirley Double, No.

5

01C01-9704-CR-00156, slip op. at 9 (Tenn. Crim. App., Nashville, Oct. 19, 1998) (defendant found guilty of aggravated burglary when she admitted being at the victim's home, but denied entering it and participating in the burglary). We find sufficient evidence to support the defendant's conviction for burglary.

The defendant was convicted of attempted theft also. Theft occurs when "[a] person . . . with intent to deprive the owner of property, . . . knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103 (1997). Under these circumstances, attempt occurs when "[a] person . . . acting with the kind of culpability otherwise required for the offense . . . [a]cts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense." Tenn. Code Ann. § 39-12-101(a)(3) (1997).

The evidence showed that a radio and tape recorders were stacked beside the window. Padgett's typewriter had been moved from his office and thrown on the floor downstairs. Nothing was actually removed or found missing from the church. However, items had been moved and seemed to be in a position where someone was planning to remove them from the church. A substantial step toward the commission of theft occurred in this case. The jury could infer that the defendant moved these items and intended to deprive the owner of them. See State v. Daniel S. Barnes, No. 01C01-9702-CR-00070, slip op. at 5 (Tenn. Crim. App., Nashville, Jan. 27, 1998) (evidence sufficient where several items had been moved from their normal locations). We find sufficient evidence existed for the jury to find the defendant guilty of attempted theft.

The judgment of the trial court is affirmed.

6

_____

JAMES CURWOOD WITT, JR., JUDGE


CONCUR:


_____

JOHN EVERETT WILLIAMS, JUDGE


_____

ALAN E. GLENN, JUDGE