**STATE of Tennessee, Appellee,**

v.

**Gregory S. SNAPP, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

May 20, 1985.

Permission to Appeal Denied by Supreme Court Aug. 12, 1985.

Gordon Ball, Ball and Dunn, Newport, for appellant.

W.J. Michael Cody, State Atty. Gen. & Reporter, Jane W. Young, Asst. State Atty. Gen., Nashville, James R. Scroggins, Asst. Dist. Atty. Gen., Sevierville, for appellee.

OPINION

BYERS, Judge.

The defendant entered a plea of guilty to driving under the influence of an intoxicant and, in accord with a plea agreement, preserved a dispositive issue for appeal. The trial court imposed a two hundred fifty dollar fine and a sentence of eleven months and twenty-nine days, to be suspended after forty-eight hours.

The single issue presented for review is whether the results of a breathalyzer test and statements made by the defendant at the time of the arrest should have been suppressed because no *Miranda* warnings were given.

The judgment is affirmed.

At the time of guilty plea, the trial court heard evidence on the motion to suppress. Trooper Lloyd Smith, who arrested the defendant, testified that he arrived upon the scene of a two-vehicle accident and observed the defendant with another officer. The other officer thought the defendant might be intoxicated.

As they stood beside the wrecked cars, Smith asked the defendant if he had been driving one of the vehicles in the wreck and if he had been drinking. When the defendant answered affirmatively to both questions, the officer asked him to submit to a field sobriety test. The defendant agreed but was unable to perform the exercises. Thereafter, he consented to a blood alcohol test and was transported to the police department, where a breathalyzer test was administered and showed a blood alcohol content of .23 per cent. It does not appear that *Miranda* advice was ever given. The defendant put on no proof.

The defendant concedes that the issue turns on a determination of the point at which he was placed into custody, and he insists that because the scene of the accident was "police-dominated," Trooper Smith's inquiries amounted to a custodial interrogation. We find that this precise argument was rejected in *Berkemer v. McCarty,* —— U.S. ——, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).

In *McCarty*, the Court held that a temporary, public roadside detention accompanying a traffic stop is not so police dominated that the prophylactic rule of *Miranda* should apply. *Id.* 104 S.Ct. at 3150. On facts much like those in the present case, the Court concluded that statements made on the scene, in response to modest questioning, were admissible despite the fact that the defendant had not been advised of his rights.

■ The Supreme Court acknowledged that in some cases it will be difficult to determine the point at which a suspect has been taken into custody within the meaning of *Miranda*. This is not such a case. It is not disputed that the exchange between the officer and the defendant occurred at the scene of a traffic accident, on a public road, and before the defendant was transported away in a patrol car. The defendant's statements made in this setting were clearly admissible against him.

■ Further, an officer's mere request that a suspect consent to a blood alcohol test is not governed by the *Miranda* rule. This aspect of the issue raised here does not turn on a determination of when the defendant was taken into custody. *See South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 923 and n. 15, 74 L.Ed.2d 748 (1983). For this additional reason, the results of the blood test could properly be included in the factual basis of the plea.

WALKER, P.J., and JOHN D. TEMPLETON, Special Judge, concur.