**STATE of Tennessee, Appellee,**

v.

**Ronald L. JONES, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

March 22, 1995.

David Hooper, Memphis (on appeal), Betty J. Thomas, Asst. Public Defender, Memphis (at trial), for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Nashville, Joel W. Perry, Asst. Atty. Gen., Crim. Justice Div., Nashville, Terrell L. Harris, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

WADE, Judge.

The defendant, Ronald Jones, was convicted of aggravated burglary. The trial court imposed a Range III sentence of 15 years. In this appeal, the defendant challenges the sufficiency of the evidence; argues the trial court improperly failed to suppress certain evidence; claims the trial court failed to charge a lesser included offense; and com-plains that he was improperly classified as a Range III offender.

We affirm the conviction and remand to the trial court for further sentencing.

On January 22, 1992, Officer David Tate of the Memphis Police Department observed the defendant walking near the intersection of Rozelle and Southern in Memphis and "carrying a large square object wrapped in a [white] garbage bag on top of his head." Officer Tate stopped and asked the defendant what was in the bag. When the defendant identified the object as a VCR, the officer asked where he had acquired it. The defendant told him he had just left an electronics repair store at Lamar and Southern. Because Officer Tate knew that there was no such business in that area, he asked the defendant to identify himself and to show him the way to the electronics store. The defendant replied that he could not remember the location; and, after initially identifying himself as "Danny Jones," the defendant told the officer that he was "Ronald Jones," and that he lived on Felix Street. The defendant had no receipt but claimed he had papers at his home which would prove his ownership. He agreed to allow the officer to take him to his residence but refused to provide the officer with his specific address. Officer Tate, however, asked a passerby for directions and learned that the defendant lived with his father, Willie Walls. After they arrived at the residence, Officer Tate found out from Walls that the defendant did not own a VCR. The defendant then was placed under arrest. On the next day, Officer Tate learned that a VCR and a video tape had been stolen from the residence of Ruth Archer.

About two hours after the defendant's arrest, Ms. Archer returned to her condominium, observed that her glass patio door had been broken out, and discovered that her VCR and a video tape were missing. A trash can had been dumped on the floor and a white trash bag had been removed. When contacted by Officer Tate on the following day, Ms. Archer was able to identify both the VCR and the video tape.

The defendant did not testify. His long-time friend, Vincent Ford, testified that he

had observed the defendant purchase the VCR from two black males driving a green Chevrolet only minutes before he had been confronted by Officer Tate. Ford testified that the defendant paid "$40.00 or $50.00" for the VCR. On direct examination, Ford admitted that he had pled guilty to a burglary charge in 1984 and to selling a controlled substance in 1989. On cross-examination, the state established that Ford had been convicted of attempt to commit a felony and shoplifting in 1986, had been convicted of theft in 1989, had been convicted of larceny in 1984, and had used at least two aliases on prior occasions in order to hide his true identity.

■ Initially, the defendant asserts that the evidence was insufficient to establish that he entered the residence of the victim and stole the VCR. When, however, there is a challenge to the sufficiency of the evidence, the state is entitled to the strongest legitimate view of the proof at trial and all reasonable inferences which might have been drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 836 (Tenn.1978). A jury verdict, approved by the trial judge, accredits the testimony of the witnesses for the state and resolves any conflicts in the evidence in favor of the state's theory. *State v. Williams,* 657 S.W.2d 405, 410 (Tenn.1983), *cert. denied,* 465 U.S. 1073, 104 S.Ct. 1429, 79 L.Ed.2d 753 (1984). This court may neither reweigh nor reevaluate the proof offered at trial and must not substitute its inferences for those drawn by the trier of fact. *Liakas v. State,* 199 Tenn. 298, 286 S.W.2d 856 (1956). The ultimate issue is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Tenn.R.App.P. 13(e).

■ Moreover, a criminal offense may be established exclusively by circumstantial evidence. *Duchac v. State,* 505 S.W.2d 237 (Tenn.1973), *cert. denied,* 419 U.S. 877, 95 S.Ct. 141, 42 L.Ed.2d 117 (1974); *Marable v. State,* 203 Tenn. 440, 313 S.W.2d 451 (1958). If the trier of fact can determine from the proof that all other reasonable theories except that of guilt are excluded, the evidence is sufficient.

■ Here, it is apparent that the jury acted within its prerogative in determining that the defendant was guilty of aggravated burglary. In fact, unsatisfactorily explained possession of recently stolen property may be sufficient in and of itself to establish a burglary. *State v. Hamilton,* 628 S.W.2d 742 (Tenn.Crim.App.1981).

■ Next, the defendant claims that the trial court should have suppressed the statements he had made to Officer Tate. The state claims that *Miranda* warnings were not required because the officer was merely investigating suspicious circumstances. Generally, *Miranda* warnings must precede a custodial interrogation. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *see Berkemer v. McCarty,* 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). Officers are not, however, required to provide *Miranda* warnings as a prerequisite to asking general questions. *State v. Morris,* 224 Tenn. 437, 456 S.W.2d 840 (1970); *State v. Williams,* 623 S.W.2d 118 (Tenn.Crim.App.1981). Statements made during the investigative stages before a defendant becomes a suspect are admissible into evidence. *State v. Crocker,* 697 S.W.2d 362 (Tenn.Crim.App.1985); *State v. Johnson,* 670 S.W.2d 634 (Tenn.Crim.App.1984). In *State v. Snapp,* 696 S.W.2d 370 (Tenn.Crim. App.1985), this court held that a temporary, public roadside detention is not so police dominated as to require *Miranda* warnings. These facts are similar. Thus we find that the trial court properly overruled the motion to suppress.

■ Next, the defendant complains that the trial court committed error by failing to charge the lesser included offense of theft. In response, the state argues the waiver of the issue for failure to cite authority or make appropriate references to the record and otherwise submits, without other argument, that "the trial court properly excluded an instruction on theft of property."

At the conclusion of the proof, the trial court observed that the "defense proof certainly tends to establish a lesser and included

offense, that of theft, insomuch as it embraces the previously defined offense of receiving stolen property." The state, however, asked that the trial court not charge theft because it was not, under this particular indictment, a lesser included offense of burglary. After argument, the trial court reviewed the allegations in the indictment and decided that all of the elements of theft had not been charged in the indictment. Thus instructions on theft were not provided.

 Whether theft is a lesser included offense depends upon the wording of the indictment. In *Howard v. State,* 578 S.W.2d 83, 85 (Tenn.1979), our supreme court held as follows:

> [A]n offense is necessarily included in another if the elements of the greater offense, *as those elements are set out in the indictment,* include, but are not congruent with, all the elements of the lesser. If there is evidence to support a conviction for such a lesser offense, it must be charged by the trial judge.

(Emphasis added).

In our view, the terms "with intent to commit a theft," as included in this indictment, do not charge that a theft occurred. In consequence, a conviction for theft could not have been allowed to stand even if the proof supported it. The state chose to take the "all or nothing" risk.

 Lastly, the defendant complains that the trial court erroneously determined that he was a Range III offender. He asserts that three of the offenses used to establish his status took place within a twenty-four-hour period and were thereby precluded by statute.

The record establishes that the trial court properly considered two of the defendant's prior convictions in determining the sentencing range. Three other offenses occurred "over the period September 2 through September 5." The notice of sentencing status provided by the state alleges that a receiving stolen property offense occurred between September 2 and 5, 1987; a receiving stolen property offense occurred on September 4, 1987, and a grand larceny occurred between September 2, 1987, and September 5, 1987.

Irrespective of the dates of the offenses, the convictions, while not controlling, all took place on August 21, 1989. While the trial judge acknowledged that there was "no way" to determine whether one or all of the offenses occurred within a twenty-four hour period, it reasoned that the offenses could have occurred "within a ninety-six hour period" and considered each offense as a separate conviction in arriving at a total of five.

 The burden of proof was on the state to establish the sentencing status of the defendant:

> It is incumbent upon the state to provide evidence of sufficient quality to allow the trial court to find beyond a reasonable doubt that separate convictions, as limited by the enhanced sentencing statute, exist. Ordinarily, this should mean that the state should show sufficient circumstances surrounding offenses resulting in multiple convictions in the same proceeding so as to justify each conviction being treated separately.

*State v. Dale E. Phillips,* No. 01C01–9303–CC–00106, slip op. at 10, 1993 WL 539140 (Tenn.Crim.App., at Nashville, December 30, 1993), *perm. to appeal denied,* (Tenn.1994). Here, the state was unable to positively determine that the three offenses did not take place within a twenty-four hour period. And, because the state had the burden, the defendant must get the benefit of any doubt. All of the three offenses should be treated as one. That leaves only three convictions.

 The multiple offender is one who has received at least "two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes." Tenn. Code Ann. § 40–35–106(a)(1). A multiple offender must receive a Range II sentence. Tenn.Code Ann. § 40–35–106(c). An aggravated burglary, a Class C felony, requires a six to ten year sentence when in Range II. Tenn.Code Ann. § 40–35–112(b)(3). Because the trial court is in a better position to determine the appropriate term within the range, a remand is in order.

Accordingly, the judgment of conviction is affirmed. We remand for sentencing only.

JONES and SUMMERS, JJ., concur.