IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
February 26, 2002 Session

## STATE OF TENNESSEE v. JAMES SPURLING

**Direct Appeal from the Criminal Court for McMinn County**
**No. 00-348; 248A     Carroll L. Ross, Judge**

---

**No. E2001-00601-CCA-R3-CD**
**November 7, 2002**

---

The defendant, James Spurling, was convicted by a jury of the offenses of attempted first degree murder and assault with a deadly weapon. The trial court merged the assault conviction into the attempted murder conviction and sentenced the defendant to twenty-three-years incarceration in the state penitentiary. In this appeal the defendant raises three issues: (1) whether there is sufficient evidence that the defendant premeditated the attempted murder; (2) whether the trial court erred in admitting into evidence certain photographs of the victim; and (3) whether the trial court erred in sentencing the defendant. After a careful review of the evidence and the applicable law, we find no reversible error and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Lee Ledbetter, Assistant Public Defender, Athens, Tennessee and Merrilyn Fierman, Nashville, Tennessee, for the appellant, James Spurling.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; Jerry N. Estes, District Attorney General; and Chuck Pope, Assistant District Attorney General for the appellee, State of Tennessee.

### OPINION

On March 23, 2000, the defendant and the victim attempted to buy crack cocaine. The defendant apparently gave the victim some money to buy the drugs. When the victim returned to the apartment where the defendant was waiting, the victim had no cocaine. He was also unable to return either all or some of the money the defendant had given him. Following a discussion in which the victim tried to explain the missing money, the defendant cut the victim's throat and stabbed the victim six times causing extensive injuries.

The defendant did not generally dispute the scenario outlined above, but he stated that during the argument the victim reached in his pocket and produced what the defendant thought was a gun. At this point the defendant cut the victim allegedly in self-defense. The defendant also claimed he had no memory of the six stabs, and he posited that the victim had inflicted those wounds on himself.

The defendant claimed that he had lost the knife used to cut and stab the victim. This knife was recovered by police in a field near a dairy farm. The defendant also claimed that he had not run away after the altercation, as witnesses stated, but rather that he simply went "across the hill" to his aunt's house. He was found and arrested by the police while hiding in the trunk of his aunt's car.

## Sufficiency of the Evidence

In this appeal the defendant maintains that the evidence that he premeditated the attack on the victim is insufficient to support a verdict for attempted first degree murder. We must respectfully disagree.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence in evaluating the convicting proof. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d at 779. Of course, "a criminal offense may be established exclusively by circumstantial evidence." State v. Jones, 901 S.W.2d 393, 396 (Tenn. Crim. App. 1995); see also State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987). However, the trier of fact must be able to "determine from the proof that all other reasonable theories except that of guilt are excluded." Jones, 901 S.W.2d at 396; see also, e.g., Tharpe, 726 S.W.2d at 900.

The Tennessee attempt statute provides:

(a) A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense:
(1) Intentionally engages in action or causes a result that would constitute an offense if the circumstances surrounding the conduct were as the person believes them to be;

(2) Acts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or

(3) Acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

(b) Conduct does not constitute a substantial step under subdivision (a)(3) unless the person's entire course of action is corroborative of the intent to commit the offense.

(c) It is no defense to prosecution for criminal attempt that the offense attempted was actually committed.

Tenn. Code Ann. § 39-12-101. Thus, the State was required to prove beyond a reasonable doubt that the defendant, in an attempt to kill the victim, acted with the "kind of culpability" necessary for first degree murder.

Tennessee Code Annotated section 39-13-202(a)(1) defines first degree murder in pertinent part as "a premeditated and intentional killing of another." Tennessee Code Annotated section 39-13-202(d) provides:

As used in subdivision (a)(1) "premeditation" is an act done after the exercise of reflection and judgment. "Premeditation" means that the intent to kill must have been formed prior to the act itself. It is not necessary that the purpose to kill pre-exist in the mind of the accused for any definite period of time. The mental state of the accused at the time the accused allegedly decided to kill must be carefully considered in order to determine whether the accused was sufficiently free from excitement and passion as to be capable of premeditation.

Tenn. Code Ann. § 39-13-202(d). Therefore the State was required to prove beyond a reasonable doubt that the defendant attacked the victim with "premeditation."

"[W]hether premeditation is present is a question of fact for the jury, and it may be inferred from the circumstances surrounding the" commission of the crime. State v. Billy Gene Debow, Sr., No. M1999-02678-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 595, at *10 (Tenn. Crim. App. at Nashville, Aug. 2, 2000); see also State v. Bland, 958 S.W.2d 651, 660 (Tenn. 1997); State v. Anderson, 835 S.W.2d 600, 605 (Tenn. Crim. App. 1992). Some relevant factors which tend to support the existence of premeditation include: the use of a deadly weapon upon an unarmed victim; the particular cruelty of the killing; declarations by the defendant of an intent to kill; evidence of procurement of a weapon; preparations before the killing for concealment of the crime, [] calmness immediately after the killing," and evidence that the victim was retreating or attempting to escape when killed. Bland, 958 S.W.2d at 660; see also State v. West, 844 S.W.2d 144, 148 (Tenn. 1992). "[T]he fact that repeated blows (or shots) were inflicted on the victim is not sufficient, by itself, to establish first-degree murder." State v. Brown, 836 S.W.2d 530, 542 (Tenn. 1992).

Looking at the facts in the light most favorable to the State, which we are required to do, we find that any rational trier of fact could have found the element of "premeditation" in this case beyond a reasonable doubt. The victim in this case attempted to reason with the defendant about the missing money and attempted to leave the altercation when the defendant attacked him. The attack itself was upon an unarmed victim and was accomplished with a deadly weapon. The attack itself was savage and far beyond that necessary to repel the alleged attack by the victim. At least one witness overheard the defendant say he was going to get a gun and return to the scene. Under the circumstances we find the evidence sufficient to support the jury's verdict.

### Admission of Photographs Showing the Victim's Wounds

The defendant complains that photographs of the victim graphically displaying the victim's wounds should not have been admitted into evidence at trial. At trial the defendant did not object to the admission of one graphic photograph but complained that the admission of more than one such picture was "cumulatively prejudicial."

Graphic, gruesome, or even horrifying photographs of crime victims may be admitted into evidence if they are relevant to some issues on trial and their prejudicial effect is outweighed by their probity. State v. Banks, 564 S.W.2d 947, 949-51 (Tenn. 1978). The decision as to whether such photographs should be admitted is one entrusted to the trial court, and that decision will not be reversed on appeal absent a showing of abuse of discretion. Id. at 949; State v. Dickerson, 885 S.W.2d 90, 92 (Tenn. Crim. App. 1993).

In the instant case the photographs of the victim lying in a hospital bed graphically demonstrate the location and nature of the victim's wounds. They were used at trial by the physician who treated the victim to illustrate his testimony regarding the location and nature of the wounds. These photographs corroborate both the victim's and physician's testimonies about the wounds. Moreover, the pictures are relevant to counter the defendant's contention that he simply "cut and run" out of self-defense. The pictures indicate a sustained violent attack. The photographs are not especially gruesome or horrifying as such pictures go and, as noted above, their probity is significant. Under these circumstances we cannot say the trial judge abused his discretion in admitting these pictures. This issue does not merit reversal.

### Sentencing

Finally, the defendant contends that his twenty-three-year sentence is excessive because the trial judge failed to apply as a mitigating factor that "[t]he defendant acted under strong provocation." Tenn. Code Ann. § 40-35-113(2). We again must respectfully disagree.

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the

sentencing principles and all relevant facts and circumstances." <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, the sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); <u>Ashby</u>, 823 S.W.2d at 169. We are to also recognize that the defendant bears the burden of demonstrating that the sentence is improper. <u>Ashby</u>, 823 S.W.2d at 169.

Here the defendant was sentenced as a Range I standard offender convicted of a Class A felony. As such, pursuant to Tennessee Code Annotated section 40-35-210(c) the trial judge began his sentencing at the midpoint of the potential fifteen to twenty-five year sentence. The Court found that enhancement factors (1), (5), (8) and (9) were applicable and he raised the sentence to twenty-four years. Tenn. Code Ann. § 40-35-114 (1), (5), (8), (9). He then mitigated the sentence to twenty-three years based on a finding that the defendant did suffer from some mental condition that reduced his culpability. <u>See</u> Tenn. Code Ann. § 40-35-113(8). The trial judge refused to apply the mitigating factor that "[t]he defendant acted under strong provocation." Tenn. Code Ann. § 40-35-114(2).

We find no error in the sentence. The trial judge followed the sentencing guidelines and principles. He also found, and we agree, that the mere fact that this attack stemmed from an argument is insufficient to establish the "strong provocation" necessary to mitigate a sentence. We find the sentence is appropriate under the circumstances.

## **Conclusion**

In light of the foregoing, the judgment of the trial court is AFFIRMED.

 

 

_____

JERRY L. SMITH, JUDGE