IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 6, 2006

## STATE OF TENNESSEE v. EARNEST BANKS

**Direct Appeal from the Criminal Court for Shelby County**
**No. 04-03679    James C. Beasley, Jr., Judge**

---

**No. W2005-02484-CCA-R3-CD  - Filed August 28, 2006**

---

The defendant, Earnest Banks, was convicted by a Shelby County jury of aggravated burglary and sentenced to nine years in the Department of Correction as a Range II multiple offender. On appeal, he challenges the sufficiency of the convicting evidence. Following our review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which, DAVID H. WELLES, J., joined and GARY R. WADE, P.J., not participating.

Garland Ergüden, (on appeal) and Jennifer Johnson and Harry Sayle (at trial), Assistant Public Defenders, Memphis, Tennessee, for the appellant, Earnest Banks.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; William L. Gibbons, District Attorney General; and Scot Bearup, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

On February 9, 2004, around 9:00 a.m., Lita Carpenter was in her house asleep in an upstairs bedroom when she heard someone vomiting in the bathroom down the hall. Knowing that her seventeen-year-old daughter had already left for school, Ms. Carpenter called 911 from her cell phone to report that someone was in her house. Officer Leonard Beauchamp and Officer Paul Neely of the Memphis Police Department responded to the call and found the defendant in one of the other bedrooms upstairs. The officers discovered a blue bag in the defendant's possession containing several items from Ms. Carpenter's house; namely, a hair dryer, body spray, and Ms. Carpenter's daughter's purse. Additionally, the officers found Ms. Carpenter's digital camera and a prescription medicine bottle belonging to Ms. Carpenter's daughter on the defendant's person.

After the defendant was apprehended, Ms. Carpenter looked around her house and noticed that her daughter's usually clean bedroom had been ransacked, and there were garbage bags in the dining room with "other things that had been packed." She also noticed a bowl of soup and an open can in the kitchen that had not been out the evening before.

After hearing testimony from Ms. Carpenter, Officer Beauchamp, and Officer Neely, the jury convicted the defendant of aggravated burglary. The trial court sentenced the defendant to nine years in the Department of Correction as a Range II multiple offender.

## ANALYSIS

On appeal, the defendant challenges the sufficiency of the convicting evidence. The defendant does not dispute that he was inside Ms. Carpenter's house with some of her belongings in his possession. Instead, he argues that the state presented insufficient evidence that he entered Ms. Carpenter's house with the intent to steal. He avers that he entered an empty house, fixed himself soup in the kitchen, and got sick in the upstairs bathroom. The thefts were an afterthought to his discovery that the house was still furnished.

We begin our review by reiterating the well-established rule that once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced with a presumption of guilt. *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). Therefore, on appeal, the convicted defendant has the burden of demonstrating to this court why the evidence will not support the jury's verdict. *State v. Carruthers*, 35 S.W.3d 516, 557-58 (Tenn. 2000); *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). To meet this burden, the defendant must establish that no "rational trier of fact" could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *State v. Evans*, 108 S.W.3d 231, 236 (Tenn. 2003); Tenn. R. App. P. 13(e). In contrast, the jury's verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). The state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. *Carruthers*, 35 S.W.3d at 558. Questions concerning the credibility of the witnesses, conflicts in trial testimony, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this court. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). We do not attempt to re-weigh or re-evaluate the evidence. *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006). Likewise, we do not replace the jury's inferences drawn from the circumstantial evidence with our own inferences. *State v. Reid*, 91 S.W.3d 247, 277 (Tenn. 2002). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).

To sustain the defendant's conviction for aggravated burglary in this case, the state was required to prove that the defendant entered Ms. Carpenter's house, without her consent, and with the intent to commit theft. *See* Tenn. Code Ann. §§ 39-14-402, -403. "A person commits theft of

property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." *Id.* § 39-14-103.

Viewing the evidence in the light most favorable to the state, we conclude the evidence was sufficient to sustain the defendant's conviction for aggravated burglary. The record clearly established that the defendant entered Ms. Carpenter's house without her permission and was apprehended with a number of items belonging to Ms. Carpenter and her daughter. Therefore, our primary inquiry focuses on the defendant's intent behind that entry. Our supreme court has noted that in a burglary case, "intent can rarely be shown by direct proof and must, necessarily, be shown by circumstantial evidence." *State v. Hall*, 490 S.W.2d 495, 496 (Tenn. 1973). Therefore, "the intent to steal may be inferred from the breaking and entering of a building which contains things of value or from the attempt to do so." *Id.*; *see also State v. Ronald Wayne Ashby*, No. M1999-01247-CCA-R3-CD, 2000 WL 995256, at *3 (Tenn. Crim. App., at Nashville, July 12, 2000), *perm. app. denied* (Tenn. Mar. 19, 2001). Furthermore, the "unsatisfactorily explained possession of recently stolen property may be sufficient in and of itself" to sustain a burglary conviction. *See State v. Jones*, 901 S.W.2d 393, 396 (Tenn. Crim. App. 1995).

Although there was testimony at trial that some of the rooms in Ms. Carpenter's house did not contain furniture, there was ample evidence that the majority of Ms. Carpenter's house was indeed fully furnished. From the circumstantial evidence, as well as the fact the defendant was apprehended with items belonging to Ms. Carpenter, the jury could have reasonably found that the defendant intended to commit theft when he entered Ms. Carpenter's house. This court will not second-guess the jury's finding. Accordingly, the judgment of the trial court is affirmed.

## CONCLUSION

Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

_____
J.C. McLIN, JUDGE