IN THE COURT OF CRIMINAL APPEALS

AT JACKSON

FEBRUARY 1997



**FILED**

**March 26, 2008**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | **C.C.A. NO. 02C01-9603-CC-00087** |
| Appellee, | ) | |
| | ) | **HENRY COUNTY** |
| VS. | ) | |
| | ) | **HON. JULIAN P. GUINN,** |
| | ) | **JUDGE** |
| JAMES EDWARD ARMSTRONG, | ) | |
| | ) | (Sale of a schedule II controlled |
| | ) | substance) |
| Appellant. | ) | |

FOR THE APPELLANT:

**W. JEFFERY FAGAN**
Asst. District Public Defender
P.O. Box 663
Camden, Tennessee 38320

FOR THE APPELLEE:

**CHARLES W. BURSON**
Attorney General & Reporter

**ELLEN H. POLLACK**
Asst. Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

**ROBERT G. RADFORD**
District Attorney General

**VICKI S. SNYDER**
Asst. District Attorney General
P.O. Box 686
Huntingdon, Tennessee 38344

OPINION FILED: _____

AFFIRMED

**JOE G. RILEY,**
**JUDGE**

**OPINION**

Defendant Armstrong appeals as of right from a jury verdict of guilty for the sale of a Schedule II controlled substance (cocaine). Sentenced as a Range I standard offender, Armstrong received thirty-seven (37) months in the Tennessee Department of Correction and was fined $2,000. The sole issue for review is whether the evidence is sufficient to sustain Armstrong's conviction. We affirm the judgment of the trial court.

I.

On an appeal questioning the sufficiency of evidence, it is not the function of this court to reweigh or re-evaluate evidence offered at trial. State v. Jones, 901 S.W.2d 393 (Tenn. Crim. App. 1995); State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). The trier of fact resolves issues of credibility, weight and value to be given evidence. Id. The state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The ultimate issue is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); T. R. A. P. 13(e).

A jury verdict, approved by the trial court, accredits the testimony of witnesses for the state and resolves all conflicts in favor of the state's theory. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Accordingly, a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt requiring the accused to prove that the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476.

II.

Armstrong contends the evidence was insufficient to sustain his conviction for the sale of a schedule II controlled substance. The facts surrounding the arrest and conviction of Armstrong involve an undercover drug operation utilizing two agents.

2

One agent was wired with a tape recorder and transmitter which enabled the supervising officer to monitor the sale. Armstrong approached the car the agents were driving and asked them "what [did they] need?" Upon requesting "a forty", Armstrong had the informants drive him to a nearby house. Armstrong personally got out of the car, went inside the house, and returned with another person. The other person gave what was later determined to be cocaine to Armstrong who in turn handed it to the agents. Armstrong then received the money and gave it to the other person.

The two agents and the supervising police officer testified at trial to Armstrong's involvement in the drug transaction. The jury rejected Armstrong's argument that he was merely an agent for a dealer, and not a seller. Moreover, a rational trier of fact could easily conclude from the above proof that Armstrong knowingly sold cocaine. The evidence is sufficient to support the conviction for the sale of a schedule II controlled substance. This issue is without merit.

Accordingly, the judgment of the trial court is **AFFIRMED**.

_____
JOE G. RILEY, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
JOHN H. PEAY, JUDGE