IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 9, 2005 Session

## STATE OF TENNESSEE v. MICHAEL DEAN BAUGH

**Direct Appeal from the Circuit Court for Bedford County**
**No. 15535   Lee Russell, Judge**

_____

### No. M2004-02796-CCA-R3-CD - Filed October 13, 2005

_____

The appellant, Michael Dean Baugh, was convicted by a Bedford County jury of burglary and theft of property under $500. He was sentenced as a multiple offender to seven (7) years, six (6) months for the burglary conviction and eleven (11) months, twenty-nine (29) days for the theft conviction. The trial court ordered the sentences to be served consecutively. After the denial of a motion for new trial, this appeal ensued. On appeal, the appellant argues that the evidence was insufficient to convict him of the charges against him and that his sentence is excessive. For the following reasons, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which, DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Andrew Jackson Dearing, III, Assistant Public Defender, Shelbyville, Tennessee, for the appellant, Michael Dean Baugh.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General;Mike McCown, District Attorney General; and Michael D. Randles and Ann Filer, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

William C. Haynes, a resident of Shelbyville, Tennessee, owned a rental house located at 103 Hopson Avenue in Shelbyville. In March of 2004, Mr. Haynes was renovating the house to prepare it for rental. Mr. Haynes was doing most of the work by himself, though he had one (1) helper who had worked with him for approximately ten (10) years. Mr. Haynes owned most of his own tools, including an air compressor and a yellow work light on a stand. He kept the tools inside the residence while he was doing the renovations. Mr Haynes was approached by the appellant at the rental house around March 11, 2004. The appellant showed up at the rental house, spent some time

looking around, and asked if Mr. Haynes had any work for him. Mr. Haynes offered to employ the appellant at a different job site where the appellant would be required to fill in a ditch with soil. The appellant turned down the job after Mr. Haynes took the appellant to the job site. The appellant claimed that he did not want the job because the dirt was too heavy. Mr. Haynes dropped the appellant off at his apartment and returned to the rental house to complete his work for the day. A few days later, on March 13, 2004, Mr. Haynes arrived at the rental house to find that his air compressor and work light were missing from inside the house. Mr. Haynes immediately notified the Shelbyville Police Department.

On the night of March 14, the Shelbyville Police Department received a 911 telephone call from Cynthia Rankins, the appellant's girlfriend. The appellant lived with Ms. Rankins at the time. The police arrived at Ms. Rankin and the appellant's residence and discovered the air compressor and work light. Ms. Rankins informed the police that the items were brought into the house on Friday night, and that the appellant told her that he had bought the items from someone.

The appellant was arrested in connection with the stolen items. After being read his Miranda rights, the appellant told the police three (3) different stories detailing how he came to be in possession of the stolen items. At first, the appellant claimed that he received the items from a friend, then the appellant told the police he purchased the items from a man named "John." Finally, the appellant claimed that he got the items from a man he did not even know. In one version of the story, the appellant claimed that he purchased the items for twenty ($20) dollars.

The appellant was indicted by the Bedford County Grand Jury for burglary and theft of property under $500. Following a jury trial, the appellant was convicted of both burglary and theft. The trial court sentenced the appellant to seven (7) years, six (6) months for the burglary conviction as a multiple offender and eleven (11) months and twenty-nine (29) days for the theft of property conviction. The trial court ordered the sentences to be served consecutively.

Subsequently, the appellant filed a motion for new trial which was denied. The appellant filed a timely notice of appeal. On appeal, the appellant challenges the sufficiency of the evidence and his sentence.

Sufficiency of the Evidence

The appellant first contends that the weight of the evidence was against the verdict and that the circumstantial evidence did not exclude every other reasonable hypothesis. The State counters that the record demonstrates that the evidence was legally sufficient to convict the appellant of both burglary and theft.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994);

State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992).  Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt."  State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).  Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence.  Id.  The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt.  See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75.  In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom."  See Tuggle, 639 S.W.2d at 914.  As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof.  State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).  Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence."  Matthews, 805 S.W.2d at 779.

Further, a conviction may be based entirely on circumstantial evidence when the facts are "so clearly interwoven and connected that the finger of guilt is pointed unerringly at the defendant and the defendant alone."  State v. Smith, 868 S.W.2d 561, 569 (Tenn. 1993) (quoting State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985)).  If the trier of fact can determine from the proof that all other reasonable theories except that of guilt are excluded, the evidence is sufficient.

In the case herein, the appellant was convicted of burglary and theft of property under $500.  Burglary occurs when a person, "without the effective consent of the property owner: (1) enters a building other than a habitation not open to the public with the intent to commit a felony, theft or assault; . . . [or] (3) enters a building and commits or attempts to commit a felony, theft or assault . . . .  Tenn. Code Ann. § 39-14-402.  In order to convict the appellant of burglary, the State is not required to offer a witness who actually saw the appellant break and enter the burglarized premises.  Ramsey v. State, 571 S.W.2d 822, 824 (Tenn. 1978).  Further, unsatisfactorily explained possession of recently stolen property may be sufficient in and of itself to sustain a burglary conviction.  See State v. Jones, 901 S.W.2d 393 (Tenn. 1995) (determining that evidence was sufficient to convict the defendant of burglary where the defendant was found in possession of a VCR wrapped in a white garbage bag shortly after homeowner discovered both the bag and the VCR missing from his condominium where a patio door had been broken and the defendant's roommate informed police that the defendant did not own the VCR).

Theft of property is committed when a person "knowingly obtains or exercises control over the property of another without the owner's effective consent" and with the "intent to deprive the owner of the property."  Tenn. Code Ann. § 39-14-103.

We determine that the evidence herein was sufficient to support the appellant's convictions.  The testimony established that the appellant visited Mr. Haynes's rental property to inquire about a job around the time of the burglary.  The air compressor and light stand were kept inside the residence that the appellant visited.  In other words, in order to gain possession of the light stand and air compressor, the appellant would have had to break into the residence.  The appellant was found

in possession of the stolen air compressor and light stand a few days later. When asked to explain how he came into possession of the items, the appellant presented three (3) conflicting stories. The evidence, as presented, points the finger of guilt unerringly at the appellant. The jury could have properly inferred that the appellant was guilty of both burglary and theft of property. This issue is without merit.

## Sentencing

Next, the appellant complains the he should have been granted an alternative sentence and that the trial court erred by running the sentences for the burglary and theft convictions consecutively. The only argument the appellant advances is that the sentences "should have been run concurrently to each other since the Burglary and Theft were out of a common scheme, design, and criminal episode." The State responds that the trial court correctly sentenced the appellant.

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5) & -210(b); Ashby, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Ashby, 823 S.W.2d at 169.

Turning more specifically to the facts of this case, the defendant was convicted of burglary and theft of property. Since burglary is a Class D felony, the range of punishment is not less than two (2) nor more than twelve (12) years. Tenn. Code Ann. § 40-35-111. Undisputably, this defendant was a Range II offender; thus, the range of punishment for the appellant was not less than four (4) nor more than eight (8) years. The trial court should consider, but is not bound by, the advisory sentencing guidelines, which suggest that "the minimum sentence within the range of punishment is the sentence which should be imposed because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications." Tenn. Code Ann. § 40-35-210(c)(1).

In balancing these concerns, a trial court should start at the presumptive sentence, enhance the sentence within the range for existing enhancement factors, and then reduce the sentence within the range for existing mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute. See State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995). The weight given to each factor is left to the discretion of the trial court as long as it

comports with the sentencing principles and purposes of our code and as long as its findings are supported by the record.  Id.

In regards to alternative sentencing Tennessee Code Annotated section 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration.

A defendant who does not fall within this class of offenders "and who is an especially mitigated offender or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary."  Tenn. Code Ann. § 40-35-102(6).  Furthermore, unless sufficient evidence rebuts the presumption, "[t]he trial court must presume that a defendant sentenced to eight years or less is an offender for whom incarceration would result in successful rehabilitation . . . ."  State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993); see also Tenn. Code Ann. § 40-35-303(a).  The appellant herein was convicted of burglary, a Class D felony.  Thus, as a Range II, multiple offender, the appellant was not presumed eligible for alternative sentincing.  See Tenn. Code Ann. § 40-35-102(b).  Even if a defendant is presumed to be a favorable candidate for alternative sentencing under Tennessee Code Annotated section 40-35-102(6), the statutory presumption of an alternative sentence may be overcome if :

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Tenn. Code Ann. § 40-35-103(1)(A)-(C).  In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated section 40-35-103(5), which states, in pertinent part, "[t]he potential or lack of potential for the rehabilitation or treatment of a defendant should be considered in determining the sentence alternative or length of a term to be imposed."  Tenn. Code Ann. § 40-35-103(5); State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994).  The trial court may consider a defendant's untruthfulness and lack of candor as they relate to the potential for rehabilitation.  See State v. Nunley, 22 S.W.3d 282, 289 (Tenn. Crim. App. 1999); see also State v. Bunch, 646 S.W.2d 158, 160-61 (Tenn. 1983); State v. Zeolia, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); State v. Williamson, 919 S.W.2d 69, 84 (Tenn. Crim. App. 1995); Dowdy, 894 S.W.2d at 305-06.

Under Tennessee Code Annotated section 40-35-115(a), if a defendant is convicted of more than one (1) offense, the trial court shall order the sentence to run either consecutively or concurrently. The trial court may order the sentences to run consecutively if the trial court finds by a preponderance of the evidence that certain criteria enumerated in Tennessee Code Annotated section 40-35-115(b) are present. Two (2) of the provisions allowing consecutive sentencing provide that consecutive sentencing is warranted if: "(2) The defendant is an offender whose record of criminal activity is extensive;" or "(6) the defendant is sentenced for an offense committed while on probation." Tenn. Code Ann. § 40-35-115(b)(2) & (6). Further, "consecutive sentences cannot be imposed unless the terms reasonably relate to the severity of the offenses committed and are necessary in order to protect the public from further serious criminal conduct by the defendant." State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn.1995). The decision to impose concurrent or consecutive sentences, however, is a matter entrusted to the sound discretion of the trial court. State v. Blouvet, 965 S.W.2d 489, 495 (Tenn. Crim. App. 1997).

In the case herein the trial court determined:

Alright, we took the precaution at this jury trial of offering to submit all proposed enhancing factors to the jury.[1] The defendant, . . . , asked that the issue of the past criminal record not be submitted to the jury. And for that reason we did not do that. It does not appear under Blakely that is a matter for the judge to decide anyway, although I was prepared, as a precaution, to submit it to the jury.

. . . .

The jury also found two enhancing factors. They found Number 9, under 40-35-114, a previous history of unwillingness to comply with the conditions of release. And the jury found that there was a violation of a private trust. My conclusion is that the - although the jury arrived at the conclusion about the private trust, respectfully to the State, I don't believe that I am convinced and could not allow that enhancing factor to be found in this particular case. There is considerable ambiguity in my mind at least in the meaning of that particular enhancing factor, and I don't find that one to be present.

---

[1]The trial of the case herein occurred when the law in Tennessee was still unsettled as to the effect that Blakely v. Washington, 542 U.S. 296 (2004), had on the application of enhancement and mitigating factors by the trial court. In a rather unique and unconventional manner, the trial court herein conducted a separate hearing after the appellant was convicted and allowed the jury to hear evidence and determine whether several of the enhancement factors argued by the State should be applied. The jury determined that the two (2) enhancement factors presented by the State applied. The trial court used the enhancement factors as determined by the jury in addition to the appellant's previous criminal history to enhance the appellant's sentence. The appellant does not challenge the application of the enhancement factors or the method by which their existence was determined. However, we feel it necessary for clarity to mention the sequence of events as they occurred at trial.

Beginning where we need to begin, we first need to establish the range. I don't think there's any question that this, as far as a simple burglary is concerned, that this gentlemen is a Range II offender. . . .

Therefore I find beyond a reasonable doubt that there are two prior convictions that can be used as enhancing factors in this case. Under 40-35-114, they are the aggravated burglary, . . . . Also the robbery conviction out of Rutherford County . . . . So I find that there are those two convictions, beyond a reasonable doubt, to be used to enhance the defendant in this particular case.

I enhance him - we begin with the presumption in favor of the minimum, which is the four years, and I enhance him up to seven years and six months on that. . . .

I don't find that there are any mitigating factors. I don't think that there was any evidence presented to suggest that there are any mitigating factors.

I want to put on the record, that should it be the finding of the appellate courts that it was appropriate to have a bifurcated hearing like we had, I find beyond a reasonable doubt and the jury found beyond a reasonable doubt that there was a previous history of unwillingness to comply with the conditions of release. That was proved at trial. That was also - it's clearly set out and established beyond a reasonable doubt in the presentence report. However, I am not going to, because of my reading of Blakely, I am not going to enhance him that last six months. But I would like for it to be clear on the record that if the appellate court believes that the jury's finding of that enhancing factor is appropriate, then I certainly would enhance him that final six months, up to eight years.

. . . .

The next issue to be decided is whether consecutive or concurrent sentencing, there is a presumption in favor of concurrent sentencing under 40-35-115(d) unless one of the seven factors is present. It does appear to me that the second factor is present. He certainly has an extensive criminal record, and also it appears to me that factor number 6 is present, he committed these crimes while on probation, and therefore I am going to impose consecutive sentencing.

The next question is whether he would receive alternative sentencing. He is neither a mitigated nor a standard offender, so he does not have the presumption in favor of probation. I find that he is an altogether inappropriate candidate for any kind of alternative sentencing because of his extensive record, criminal record, both of convictions and of a failure to meet the terms of his parole and probation. And for that reason he will not receive alternative sentencing.

As stated previously, we review sentencing issues with the presumption that the determinations made by the trial court are correct so long as the trial court followed sentencing procedures. Tenn. Code Ann. § 40-35-401(d). While the appellant does not challenge the length of his sentences, he complains that he was not granted alternative sentencing and that the trial court ordered the sentences to be served consecutively. Again, the appellant, as a multiple offender, was not presumed to be a candidate for an alternative sentence. Further, the record established that the appellant had been previously placed on both probation and parole and had unsuccessfully complied with the conditions of those alternative sentences. In fact, the record indicated that the appellant had received at least one (1) probation violation, had absconded from probation and had absconded from parole. Moreover, the record more than established that the appellant had an extensive criminal history such that consecutive sentencing was appropriate. According to the presentence report, the appellant had one (1) conviction for criminal trespass, sixteen (16) convictions for public intoxication, two (2) convictions for theft, four (4) convictions for vandalism, two (2) convictions for burglary, and convictions for aggravated burglary, robbery, assault, resisting arrest, making false reports and possession of dangerous drugs. The record does not preponderate against the determination of the trial court. This issue is without merit.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE