# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs July 17, 2007

## STATE OF TENNESSEE v. REGINALD ANTHONY LAYE

**Appeal from the Circuit Court for Bedford County**
**No. 15770   Robert Crigler, Judge**

---

**No. M2006-02020-CCA-R3-CD - Filed December 13, 2007**

---

Appellant, Reginald Anthony Laye, pled guilty to evading arrest and criminal impersonation prior to a jury trial, during which he was convicted of possession of .5 grams or more of cocaine with the intent to sell and possession of .5 grams or more of cocaine with the intent to deliver. The trial court merged the two convictions for possession into one conviction for possession of a Schedule II drug for resale. As a result of the convictions, Appellant was sentenced to an effective sentence of ten years and six months. After the denial of a motion for new trial and the filing of a timely notice of appeal, Appellant argues in this Court that the evidence was insufficient to support the conviction for possession of cocaine with the intent to sell or deliver. After a review of the record, we determine that the evidence was sufficient to support the conviction for possession of cocaine with the intent to sell or deliver and, therefore, affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Andrew Jackson Dearing, III, Shelbyville, Tennessee, for Appellant, Reginald Anthony Laye.

Robert E. Cooper, Jr., Attorney General & Reporter; Brent C. Cherry, Assistant Attorney General; J. Michael Taylor, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

Around 8:00 or 8:30 a.m. on May 24, 2004, Appellant and Tanda Harris[1] woke up and started preparing for the day. Ms. Harris had to be at work at Wendy's in Tullahoma at 10:00 a.m. Appellant took her to work that morning and kept their two children while she was at work. At the time, the children were four and six. Appellant and the children picked up Ms. Harris from work around 2:00 p.m. and drove to Shelbyville, Tennessee to drop the children off at Ms. Harris's mother's house. After dropping the children off, Ms. Harris and Appellant went to the BP gas station to get the car air conditioner checked.

Around 3:00 p.m., Officer Shan Harris of the Bedford County Sheriff's Department was on routine patrol when he saw Appellant standing outside of a car at the BP gas station at the corner of Madison and Derry Streets. Officer Harris recognized Appellant because they went to school together from the fourth grade through high school. Officer Harris was also aware a BOLO (be-on-the-lookout-for) had been issued for Appellant the previous week. Officer Harris called dispatch to see if there were any outstanding warrants on Appellant. In the mean time, Appellant and his companion got back into their car and drove down the street. When Officer Harris learned that there were outstanding warrants in Rutherford County, Officer Harris initiated a traffic stop. The car pulled in to the parking lot between Kentucky Fried Chicken and Arby's. During the traffic stop, Appellant falsely identified himself as Jalem Harris. Officer Harris left the car to call in the automobile identification, and Appellant took off on foot. Officer Harris called for assistance and initiated a foot pursuit of Appellant. During the chase, Officer Harris saw Appellant throw something out of his pockets. When Appellant threw the item or items out of his pockets, the pockets of his pants were turned inside out.

Officer Bobby Peacock of the Shelbyville Police Department responded to the call for assistance and arrived on the scene shortly after the chase began. At some point, Appellant stopped running and surrendered by putting his hands up. When the officers took Appellant into custody, the pockets of his pants were turned inside out. The officers searched the area, trying to find the object or objects that Appellant threw out of his pockets. Officer Peacock discovered a baggie with what later tested positive as 2.7 grams of crack cocaine.

Appellant was indicted on April 18, 2005, by the Bedford County Grand Jury with possession of .5 grams or more of cocaine with the intent to sell, possession of .5 grams or more of cocaine with the intent to deliver, evading arrest, and criminal impersonation.

---

[1] At the time of the incident, Ms. Harris and Appellant were dating. Sometime prior to trial, Ms. Harris and Appellant got married. For the sake of consistency, we will refer to her as Ms. Harris.

At the beginning of the jury trial, after the indictments were read, Appellant pled guilty to criminal impersonation and evading arrest.

At trial, Timothy Lane, the Director of the 17th Judicial District Drug Task Force, testified as to his extensive knowledge of drug enforcement issues. At the time of trial, he had served as director of the task force for eleven years, had served as an adjunct professor of law enforcement at St. Petersburg College, and had instructed over 10,000 narcotics officers in drug enforcement issues. According to Director Lane, 2.7 grams of cocaine was considered to be a large amount of cocaine to possess for personal use. A cocaine addict normally carries about one-tenth of a gram for personal use. In Director Lane's opinion, a person who possesses 2.7 grams of cocaine possesses the cocaine with the intent to sell or deliver the cocaine. Director Lane also testified that the amount of cocaine recovered herein had a street value of around $540 and that a typical "user" would purchase between twenty and fifty dollars worth of cocaine at a time.

At the conclusion of the evidence, the jury found Appellant guilty of possession of .5 grams or more of cocaine with the intent to sell and of possession of .5 grams or more of cocaine with the intent to deliver. The trial court held a sentencing hearing at which the trial court merged the two convictions for possession of cocaine into one conviction for possession of a Schedule II drug for resale. The trial court sentenced Appellant to an effective sentence of ten years and six months.

On appeal, Appellant challenges the sufficiency of the evidence.

*Analysis*

Although Appellant presents two issues for our review on appeal, both focus on the sufficiency of the convicting evidence. Specifically, Appellant argues that the record is "insufficient as a matter of law to sustain" the conviction and "the proof at trial regarding [Appellant's] alleged participation in the offense was circumstantial and there was no 'web of proof woven around' [Appellant] sufficient to exclude . . . all other possibilities [s]ave that [Appellant] committed the acts." The State responds by asserting that the evidence was more than sufficient to convict Appellant.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S.W.2d at 75. In making this decision, we are to accord the State "the

-3-

strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from reweighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990).

Of course, a criminal offense may be established exclusively by circumstantial evidence. *State v. Tharpe*, 726 S.W.2d 896, 899-900 (Tenn. 1987); *State v. Jones*, 901 S.W.2d 393, 396 (Tenn. Crim. App. 1995). However, the trier of fact must be able to "determine from the proof that all other reasonable theories except that of guilt are excluded." *Jones*, 901 S.W.2d at 396; *see also, e.g., Tharpe*, 726 S.W.2d at 900.

In the case herein, Appellant was convicted of two counts of violating T.C.A. § 39-17-417(a)(4).[2] T.C.A. § 39-17-417(a)(4) makes it unlawful to "possess a controlled substance with intent to manufacture, deliver or sell such controlled substance." Thus, in order to convict Appellant, the State was required to show: (1) a knowing mental state; (2) possession of cocaine; (3) an intent to sell or deliver that cocaine; and (4) that the weight of the cocaine was .5 grams or more. *See* T.C.A. § 39-17-417(a). The State unquestionably proved beyond a reasonable doubt that the substance found in the baggie was cocaine and that the weight of the cocaine was 2.7 grams. Thus, the question is whether Appellant knowingly possessed the cocaine with the intent to sell or deliver it.

"[A] person . . . acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist." T.C.A. § 39-11-302(b). A conviction for possession of cocaine may be based upon either actual or constructive possession. *State v. Shaw*, 37 S.W.3d 900, 903 (Tenn. 2001); *State v. Brown*, 823 S.W.2d 576, 579 (Tenn. Crim. App. 1991); *State v. Cooper*, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). Before a person can be found to constructively possess a drug, it must appear that the person has the power and intention at any given time to exercise dominion and control over the drugs either directly or through others. *State v. Patterson*, 966 S.W.2d 435, 445 (Tenn. Crim. App. 1997); *State v. Williams*, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981). The mere presence of a person in an area where drugs are discovered is not, alone, sufficient to support a finding that the person possessed the drugs. *Cooper*, 736 S.W.2d at 129. However, as stated above, circumstantial evidence alone may be sufficient to support a conviction. *Tharpe*, 726 S.W.2d at 899-900; *State v. Gregory*, 862 S.W.2d 574, 577 (Tenn. Crim. App. 1993). The circumstantial evidence must be not only consistent with the guilt of the accused, but it must also be inconsistent with innocence and must

---

[2]Again, the trial court merged the two convictions into a single conviction for possession of .5 grams or more of cocaine for resale.

exclude every other reasonable theory or hypothesis except that of guilt. *Tharpe*, 726 S.W.2d at 900. In addition, "'it must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that [the defendant] is the one who committed the crime.'" *Id.* (quoting *Pruitt v. State*, 460 S.W.2d 385, 390 (Tenn. Crim. App. 1970)). Further, the trier of fact may infer from the amount of the drugs, along with relevant facts surrounding the arrest, that the drugs were possessed for the purpose of selling them. T.C.A. § 39-17-419; *see also State v. Willie Earl Kyles, Jr.*, No. W2001-01931-CCA-R3-CD, 2002 WL 927604, at *2 (Tenn. Crim. App., at Jackson, May 3, 2002), *perm. app. denied*, (Tenn. Oct. 21, 2002) (concluding that jury could infer possession of drugs with intent to sell or deliver from amount of drugs and circumstances surrounding arrest of defendant); *State v. James R. Huntington*, No. 02C01-9407-CR-00149, 1995 WL 134589, at *3-4 (Tenn. Crim. App., at Jackson, Mar. 29, 1995), *perm. app. denied*, (Tenn. Jul. 10, 1995) (determining that jury could infer intent to sell marijuana primarily from large quantity of marijuana in defendant's possession).

In the case herein, the proof indicated that, after being questioned by Officer Harris, Appellant took off on foot and emptied out his pockets while he was being pursued by the police. After Appellant surrendered, the officers located a bag of cocaine in the area where Appellant emptied his pockets. The bag contained 2.7 grams of cocaine. Director Lane testified that a normal "addict" usually possessed around one-tenth of a gram of cocaine for personal consumption. In other words, Appellant possessed approximately twenty-six times more cocaine than the average addict. Further, there was no paraphernalia for use of the drugs found, and Appellant did not appear to be under the influence of drugs at the time of his arrest. These factors indicate the cocaine was not possessed for personal use.

The trier of fact was presented with sufficient evidence to convict Appellant of possession of cocaine with the intent to sell or deliver. The evidence is sufficient to support the jury's determination in that "it fairly and legitimately tends to connect the defendant with the commission of the crime[s] charged." *See State v. Bigbee*, 885 S.W.2d 797, 803 (Tenn. 1994), *superceded by statute as stated in State v. Stout*, 46 S.W.3d 689 (Tenn. 2001). Appellant's argument regarding the weakness of the evidence points primarily to the weight of the evidence, which was to be determined by the jury. Our role on appeal is simply to determine whether the evidence was legally sufficient for any trier of fact to have found the essential elements of the offense beyond a reasonable doubt. We conclude that it was.

*Conclusion*

Because the evidence was sufficient to support Appellant's conviction, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE